26 cv 4670 LMP/SGE
RECEIVED
OCT 30 2026
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Albert Ross, Plaintiff,

v.

Hennepin County; Jason Segal; Christine Medin; Justin Gilsrud; Michael Vogel; Dennise Mack; Patricia Morgan; Jodie Young-Haaf; and Tracy Neil, Defendants.

Case No.: ____________________

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

## I. NATURE OF ACTION

1. Plaintiff Albert Ross, proceeding pro se, brings this civil action for alleged retaliation for complaints about County employee misconduct and intentional race discrimination by Hennepin County personnel. Plaintiff seeks redress for his own injuries, not claims belonging to foster youth or other adults.

2. Plaintiff alleges that after he reported misconduct involving Jason Segal in September 2025, the County left his household without adequate assigned-worker assistance for approximately 30 to 60 days; Christine Medin then began a pattern of alleged retaliation; Justin Gilsrud and later personnel allegedly continued withholding cooperation, financial assistance, resources, and reimbursement. Plaintiff further alleges his foster-care application was discontinued or canceled because of his complaints and race.

## II. JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction over the federal constitutional claims under 28 U.S.C. §§ 1331 and 1343 because Plaintiff seeks relief under 42 U.S.C. § 1983 for alleged violations of the First and Fourteenth Amendments. Supplemental jurisdiction over any adequately pleaded related state-law claim is governed by 28

U.S.C. § 1367.

4. Venue is proper in the District of Minnesota under 28 U.S.C. § 1391(b) because the events alleged occurred in Hennepin County, Minnesota, and the County and relevant officials operated there.

## III. PARTIES AND CAPACITIES

5. Plaintiff Albert Ross is a resident of Minneapolis, Minnesota. Defendant Hennepin County is a Minnesota political subdivision. The individual defendants were County employees or supervisors acting under color of state law during the events alleged.

6. Jason Segal, Christine Medin, Justin Gilsrud, and Michael Vogel held social-work or independent-living roles. Dennise Mack, Patricia Morgan, Jodie Young-Haaf, and Tracy Neil held supervisory or related positions. The individuals are named in their personal capacities for their own alleged unconstitutional acts and in official capacities to the extent appropriate; official-capacity claims against County employees are treated as claims against the County and do not provide duplicate recovery.

## IV. FACTUAL ALLEGATIONS — CHRONOLOGICAL HISTORY

7. On or about April 8, 2025, County personnel requested that Plaintiff accept a foster placement and represented that financial support and services, including food, clothing, transportation, counseling, and related assistance, would be available or coordinated. Plaintiff began providing care in April 2025.

SCANNED
OCT 30 2026
U.S. DISTRICT COURT MPLS

8. Plaintiff alleges that foster-care payments, which he understood to be approximately $1,500 per eligible child per month, began approximately 60 to 90 days after the placement began and did not include retroactive payment for the initial period. The exact eligibility, payment amounts, and payment obligations require confirmation from placement and payment records.

9. When the children entered Plaintiff's household in April 2025, Plaintiff alleges that they arrived with essentially nothing beyond the clothing they were wearing. Although they had been in state custody for several years before placement with Plaintiff, they did not arrive with beds, adequate clothing, or the basic household items needed for daily living. Plaintiff was therefore immediately responsible for furnishing a safe and functional home, including purchasing beds, bedding, clothing, food, hygiene supplies, and other necessities from his own funds.

9A. Plaintiff alleges that these were not optional purchases: without beds, clothing, and essential supplies, he could not meet the children's immediate daily needs. Plaintiff purchased the items in reliance on the County's representations that financial support and necessary resources would be provided or coordinated. He repeatedly requested assistance and reimbursement for his out-of-pocket expenditures but alleges that he has never been reimbursed for those initial purchases. Plaintiff further alleges that delayed placement payments did not make him whole for those expenses.

9B. In addition to these initial purchases, Plaintiff personally paid for groceries, transportation, and continuing household necessities, incurred additional expenses, and lost opportunities to perform construction work while providing care and attempting to obtain promised support. Plaintiff seeks recovery only for losses legally owed to or personally suffered by him, subject to proof of amounts, payment terms, causation, and applicable law.

10. On or about September 23, 2025, Plaintiff complained about Jason Segal's alleged racist and sexually inappropriate comments or advances and other professional misconduct. Segal was subsequently removed from the matter.

11. Plaintiff alleges that approximately 30 to 60 days passed after Segal's removal before a replacement worker assumed responsibility. During this period, Plaintiff alleges that no effective interim worker or support contact provided the household with adequate coordination or access to resources.

12. During that interval Plaintiff contacted supervisors Dennise Mack, Patricia Morgan, and Jodie Young-Haaf to request a replacement worker, resources, and intervention. Plaintiff alleges that the supervisors had direct notice of the lack of assistance, yet the problems persisted. Plaintiff alleges that the lapse caused him additional personal expenses and hardship.

13. Christine Medin was the first replacement worker following the gap. Plaintiff identifies Medin as the worker who began the alleged retaliatory pattern after Segal's removal, including failing to return calls, failing to coordinate services or important matters, and disregarding requests for assistance. Plaintiff sought her removal.

14. Justin Gilsrud was assigned after Medin. Plaintiff alleges Gilsrud continued the pattern of hostile treatment, limited communication, refusal or failure to facilitate financial and household assistance, and disregard of Plaintiff's reimbursement requests.

15. Michael Vogel later became involved in independent-living services around April 2026. Plaintiff alleges Vogel failed to meaningfully communicate, plan with Plaintiff, or address his concerns. On May 27, 2026, Plaintiff requested reassignment in writing. Plaintiff alleges exclusion from relevant planning and continuing unresponsiveness.

16. Plaintiff alleges that County personnel failed to assist with his foster-care application or licensing process and later canceled or discontinued that process in retaliation for his complaints and because of his race. Plaintiff does not presently identify the exact cancellation date, decision-maker, written notice, or stated administrative reason.

17. Plaintiff alleges the pattern of withholding assistance and adverse treatment was racially motivated and retaliatory. He relies on the complaints, timing, prolonged absence of assigned support, repeated requests to supervisors, continued conduct across assignments, and application decision. Specific racist statements, differential-treatment comparisons, and decision records may be relevant to proving intent.

18. Plaintiff previously filed Minnesota District Court case No. 27-CV-26-8413, dismissed without prejudice on October 26, 2026. This action asserts Plaintiff's own federal claims and does not request federal review or reversal of the state judgment.

## V. DEFENDANT-SPECIFIC PARTICIPATION

19. Jason Segal: Plaintiff alleges Segal personally engaged in racist and sexually inappropriate comments or conduct that Plaintiff reported. Segal's conduct is alleged as part of the discrimination claim and as the reason Plaintiff made protected complaints. Plaintiff does not assert, without additional facts, that Segal personally ordered later retaliation.

20. Christine Medin: Plaintiff alleges Medin began the post-complaint pattern of noncommunication, failed coordination, and refusal or failure to assist with needed household resources. Plaintiff alleges Medin knew of his complaints and acted for retaliatory and discriminatory reasons.

21. Justin Gilsrud: Plaintiff alleges Gilsrud continued the adverse pattern by responding with hostility, failing to communicate, and withholding or failing to facilitate financial and household assistance and reimbursements. Plaintiff alleges these actions caused his personal economic losses.

22. Michael Vogel: Plaintiff alleges Vogel continued inadequate communication and excluded Plaintiff from planning during the independent-living transition despite requests for intervention and reassignment. Plaintiff seeks recovery only for actionable treatment of Plaintiff, not injuries independently belonging to the youth.

23. Dennise Mack: Plaintiff alleges he directly notified Mack of the absence of a replacement worker and resource problems and requested action. Plaintiff alleges the deprivation continued. A claim against Mack individually rests only on any personally discriminatory or retaliatory decision, direction, or participation established by the facts, not her title alone.

24. Patricia Morgan: Plaintiff alleges he directly notified Morgan of the staffing gap and requested assistance and intervention. Plaintiff alleges Morgan did not remedy the situation. Personal liability requires Morgan's own unconstitutional conduct, beyond notice or failure to supervise alone.

25. Jodie Young-Haaf: Plaintiff alleges he directly requested Young-Haaf's intervention during the staffing gap and ongoing resource problems. Plaintiff alleges the problems continued and seeks relief only to the extent Young-Haaf personally participated in actionable retaliation or discrimination.

26. Tracy Neil: Plaintiff identifies Neil as an independent-living supervisor during the later period of alleged noncommunication and exclusion. The presently available account does not identify a specific financial or licensing decision made by Neil; individual liability depends on particular acts or decisions that can be alleged consistently with Rule 11.

27. Hennepin County: Plaintiff alleges similar adverse treatment across multiple worker assignments despite supervisory notice. County liability requires a County policy, sufficiently established custom, or decision by a final policymaker that caused a constitutional violation, rather than employment of the individual defendants alone.

## VI. CLAIMS FOR RELIEF

### COUNT I — FIRST AMENDMENT RETALIATION

### 42 U.S.C. § 1983 — AGAINST PERSONALLY RESPONSIBLE INDIVIDUALS

28. Plaintiff incorporates paragraphs 1–27. He alleges he engaged in protected expression when reporting racial discrimination and misconduct by County personnel. He alleges defendants who knew of those complaints subsequently subjected him to materially adverse treatment, including withholding assistance and allegedly canceling his application, because of the complaints.

29. The Eighth Circuit recognizes a First Amendment retaliation claim where protected activity, an adverse action sufficient to deter a person of ordinary firmness, and retaliatory causation are established. See Bernini v. City of St. Paul, 665 F.3d 997, 1007 (8th Cir. 2012). The nature of the government relationship and the context of the speech also matter. See L.L. Nelson Enterprises, Inc. v. County of St. Louis, 673 F.3d 799 (8th Cir. 2012). Plaintiff alleges each defendant's liability only for that person's own retaliatory acts.

### COUNT II — FOURTEENTH AMENDMENT EQUAL PROTECTION

### 42 U.S.C. § 1983 — AGAINST PERSONALLY RESPONSIBLE INDIVIDUALS

30. Plaintiff incorporates paragraphs 1–27. Plaintiff alleges intentional race-based adverse treatment in the provision or coordination of assistance, handling of his complaints, and processing of his foster-care application. The Equal Protection Clause requires discriminatory purpose, not merely unequal effects. See Washington v. Davis, 426 U.S. 229, 239–42 (1976). Circumstantial evidence of purpose may include chronology, departures from regular procedures, and the decision history. See Village of Arlington Heights v. Metropolitan Housing Development Corp., 429 U.S. 252, 265–68 (1977).

### COUNT III — MUNICIPAL LIABILITY

### 42 U.S.C. § 1983 — AGAINST HENNEPIN COUNTY

31. Plaintiff incorporates paragraphs 1–30. Plaintiff alleges continued adverse treatment across multiple County workers and after supervisory complaints. To recover against Hennepin County, Plaintiff must establish that a County policy, persistent widespread custom, or decision of an authorized final policymaker was the moving force behind an actual constitutional violation. See Monell v. Department of Social Services, 436 U.S. 658, 690–94 (1978); Atkinson v. City of Mountain View, 709 F.3d 1201, 1214 (8th Cir. 2013). Repetition and notice alone do not automatically establish County liability.

## VII. FINANCIAL LOSS AND OTHER DAMAGES

32. Plaintiff alleges his own unreimbursed initial purchases of beds, bedding, clothing, hygiene supplies, food, and other necessities for children who arrived with only the clothes they were wearing; continuing household and transportation expenses; amounts that may have been payable to him under applicable placement agreements or Minnesota law, lost personal earnings, and emotional distress from actionable constitutional violations. The amount and legal basis of any unpaid placement compensation require proof from records and applicable law. Plaintiff does not assert a freestanding federal § 1983 claim for foster-care maintenance payment levels under 42 U.S.C. §§ 672 and 675, in light of Midwest Foster Care & Adoption Association v. Kincade, 712 F.3d 1190 (8th Cir. 2013). Any state-law payment claim requires an identified cause of action and applicable immunity analysis.

33. Each individual defendant is responsible only for personally actionable conduct. See Ashcroft v. Iqbal, 556 U.S. 662, 676–78 (2009). Plaintiff seeks no damages belonging to the youth, no duplicate recovery, and no recovery for losses belonging solely to a separate business entity.

## VIII. REQUEST FOR RELIEF

34. Plaintiff respectfully requests judgment awarding: (a) compensatory damages for proven personal economic and non-economic injuries caused by constitutional violations; (b) nominal damages if appropriate; (c) punitive damages against individual defendants only if legally justified, and not against Hennepin County; (d) appropriate declaratory or prospective relief only if Plaintiff establishes standing and an ongoing controversy; (e) taxable costs; and (f) any other

relief the Court deems lawful and just.

**IX. SIGNATURE**

Dated: 10/30/2026

______________________________

Albert Ross, Plaintiff, Pro Se

5701 Nicollet Avenue

Minneapolis, MN 55419

Telephone: (612) 839-2115

Email: rossalbert3490@aol.com Page 5